UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARMEN DIPINI, AS MOTHER AND
NATURAL GUARDIAN OF INFANT N.L.,

                                                                                        *1st AMENDED COMPLAINT*
                                                                                        *AND*
                                                                                        *JURY DEMAND*

                                  Plaintiff,

   -against-

                                                                                     Docket No.
                                                                                     1:14-cv-6257

POLICE OFFICER GUILLERMO LOZANO,
SHIELD NO. 9848, POLICE OFFICER                        ECF CASE
"JOHN DOE 1-3", POLICE OFFICER
"JANE DOE 1" FROM THE 90th
PRECINCT,

                                     Defendants.
------------------------------------------------------------------------X

     Carmen Dipini, as mother and natural guardian of infant N.L., by his attorney Joseph Indusi, of London Indusi, LLP, for his complaint against defendant New York Police Department Officers alleges as follows:

PRELIMARY STATEMENT:

     1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the First, Fourth and Fourteenth Amendments of the United States Constitution.

     2.  The claim arises from a May 7, 2014 incident in which defendants, acting under color of state law, violently knocked Mr. L. down on a subway car. After Mr. L. was knocked down, he said to the Defendant Lozano, "You could have said excuse me." Defendant Lozano then tells Mr. L. "Fuck You" and orders Mr. L. off the subway car.  The defendants then put Mr. L. in handcuffs and arrested him for no valid reason. Mr. L. spent approximately 23 hours unlawfully in police custody and suffered physical pain as a result of Defendant Lozano's use of force. He

also missed his school trip that he was participating in during this incident. After multiple court appearances, Mr. L.'s case was terminated and sealed in his favor.

3. Plaintiff seeks monetary damages (compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff, N.L, a minor under the age of eighteen years, by his mother and natural guardian, Carmen Dipini, resided at all times here relevant in Kings County, City and State of New York. Plaintiff is a full time High School student.

8. Defendants Lozano, Defendant John Doe 1-3, and Defendant Jane Doe 1 were, at all times here relevant, a police officer of the NYPD and as such were acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendant Lozano, Defendant John Doe 1-3, and Defendant Jane Doe 1 were involved in the decision to arrest plaintiff without

probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendant Lozano, Defendant John Doe 1-3, and Defendant Jane Doe 1 were under the command of the 90th precinct on the date of the incident.

11. While an officer at the 90th precinct, Defendant Lozano, John Doe 1-3, and Jane Doe 1's supervisors failed to train, supervise, discipline and control them.

12. On information and belief, at all times relevant hereto, Defendant Lozano, Defendant John Doe 1-3, and Defendant Jane Doe 1 were under the command of the 90th precinct and are sued in their individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On May 7, 2014, at approximately 4:15 p.m., Mr. L., a 16 year old full-time high school student, was on a school trip with fellow students and teachers in Brooklyn, NY.

15. Mr. L. and his fellow students and teachers were on the MTA "J" Subway car train when Defendant Lozano violently knocked Mr. L. to the ground.

16. Defendant Lozano was in plainclothes and was not displaying his shield or weapon.

17. Mr. L. got off the ground, and responded by saying, "You could have said excuse me."

18. Defendant Lozano responded by saying, "Fuck You," to Mr. L., put his foot in the subway car door to prevent its closing, and then told all of the students and teachers, including

Mr. L. to "Get the fuck off the train now."

19. Mr. L. complied with the Defendant Lozano's orders and exited the subway train car.

20. Defendant Lozano and Defendant John Doe 1, then, acting in concert, aggressively pushed Mr. L. against an MTA storage bin, causing pain to his torso.

21. Defendant Lozano and Defendant John Doe 1-2, then, acting in concert, unlawfully handcuffed Mr. L. in an excessively tight manner causing marks on Mr. L.'s wrists.

22. There was no probable cause to arrest Mr. L..

23. Defendant John Doe 3 and Defendant Jane Doe 1 were present on scene and did not stop the unlawful arrest of Mr. L..

24. Defendant John Doe 3 and Defendant Jane Doe 1 were present on scene and did not stop Defendant Lozano and Defendant John Doe 1-2's excessive force against Mr. L..

25. Defendant Lozano and Defendant John Doe 1 then threw Mr. L. into a police car and drove him to the 90th Precinct, ignoring his requests to loosen the cuffs.

26. Mr. L. was then taken to central booking to await arraignment.

27. While Mr. L. was in central booking, Defendant Lozano and Defendant John Doe 1, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Disorderly Conduct.

28. Mr. L. was unlawfully held in police custody and arraigned on those charges.

29. At arraignments, the Judge released Mr. L. on his own recognizance.

30. Mr. L. spent approximately 23 hours unlawfully in police custody.

31. For several weeks following the incident, Mr. L. was afraid to ride the subway.

32. As a result of Defendant Lozano's retaliatory conduct, Mr. L. has been deterred from

exercising his 1st Amendment right to free speech.

33. After Mr. L. was released, he went back to court 3 times and the case was terminated in his favor and sealed.

34. At all times during the events described above, Defendant Lozano, John Doe 1-3, and Jane Doe 1 were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

35. During all of the events described, Defendant Lozano, John Doe 1-3, and Jane Doe 1 acted maliciously and with intent to injure plaintiff.

## DAMAGES

36. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his rights pursuant to the First Amendment of the United States Constitution to the free exercise of speech;

    b) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    c) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    d) Physical pain and suffering;

 e) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

 f) Loss of liberty;

FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

37. The above paragraphs are here incorporated by reference.

38. The Defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

39. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

40. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

41. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

42. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

43. All of this occurred without any illegal conduct by plaintiff.

44. Plaintiff's case was terminated in his favor and sealed.

45. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in

abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

46. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

47. The above paragraphs are here incorporated by reference.

48. By using excessive force against plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to ever citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

49. In addition, the Defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

50. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

51. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

### THIRD CAUSE OF ACTION
### Failure to Intervene Under
### 42 U.S.C. § 1983 Against Individual Defendants

52. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION
### Malicious Prosecution Under
### 42 U.S.C. § 1983 Against Individual Defendants

55. The preceding paragraphs are here incorporated by reference.

56. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

57. Defendants did not have probable cause to initiate proceeding.

58. The criminal proceedings were terminate in plaintiff's favor.

59. Plaintiff's case was terminated in his favor and sealed.

60. Defendants have deprived plaintiff of his civil, constitutional, and statutory rights have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. § 1983, New York State common law, and the New York State Constitution.

61. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

<u>FIFTH CAUSE OF ACTION</u>
First Amendment Retaliatory Violation Under
42 U.S.C. § 1983 Against Individual Defendants

62. The above paragraphs are here incorporated by reference.

63. The Plaintiff engaged in protected speech.

64. The defendant's retaliated against plaintiff for exercising his right to free speech by illegally arresting, detaining, and imprisoning the plaintiff without a valid warrant, without plaintiff's consent and without probable cause or reasonable suspicion.

65. The defendant's retaliated against plaintiff for exercising his right to free speech by maliciously prosecuting him, in that they conveyed false information to prosecutors with malice and without probable cause.

66. The defendant's retaliated against plaintiff for exercising his right to free speech by using excessive force without justification.

67. Said retaliation would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

68. All of this occurred without any illegal conduct by plaintiff.

69. Plaintiff's case was terminated in his favor and sealed.

70. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

71. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

    D.    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    E.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 4, 2014
       Brooklyn New York

                                Respectfully submitted,

                                /s/ Joseph Indusi
                                *Joseph Indusi, Esq.*
                                Bar Number: JI6499
                                Attorney for Mr. L.
                                London Indusi LLP
                                186 Joralemon Street, Suite 1202
                                Brooklyn, NY 11201
                                (718) 301-4593 – Phone
                                (718) 249-9391 – Fax
                                Joe@LondonIndusi.com